**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA GARRETT, Individually and as Administrator of the Estate of Nathan Alexander Garrett, deceased,** | ) ) ) | CASE NO. 1:24-CV-00471-DAR |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) ) | |
| v. | ) ) | **PLAINTIFF'S MOTION TO REMAND** |
| | ) | |
| **CRUZ D. ALLEN, et al.** | ) ) | |
| Defendants. | ) | |

Now comes Plaintiff Lisa Garrett, Individually and as Administrator of the Estate of Nathan Garrett, deceased ("Plaintiff"), by and through undersigned counsel, and respectfully submits this Motion to Remand. On March 13, 2024, non-party state agency the Ohio National Guard ("ONG") filed a Notice of Removal under 28 U.S.C. § 1442(a)(1) in response to a Motion to Compel filed in the Cuyahoga County Common Pleas Court. Remand is proper as the ONG is not a federal agency permitted to remove proceedings under 28 U.S.C. § 1442(a)(1). Further, if ONG were a federal agency, pursuant to 28 U.S.C. § 1442(d)(1) only the proceedings regarding Plaintiff's Subpoena and the Motion to Compel would be proper in this Court. A Memorandum in Support is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ *John R. Liber, II*
**JOHN R. LIBER, II** (0058424)
**LEO M. SPELLACY** (0067304)
**CHRISTOPHER R. ELKO** (0101860)
Thrasher Dinsmore & Dolan, LPA
1282 West 58th Street | Cleveland, OH 44102
216.255.5431 | Fax 216.255.5450
jliber@tddlaw.com | lspellacy@tddlaw.com
celko@tddlaw.com

*Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT**

I.    **INTRODUCTION AND STATEMENT OF FACTS**

On October 13, 2023, Plaintiff filed her Complaint (the "Complaint") for Case Number 23-CV-986997 in this matter with the Cuyahoga County Common Pleas Court (the "Cuyahoga Lawsuit"). The Complaint asserted **only** state law claims against eight (8) individuals relating to the shooting death of Plaintiff's son Nathan Garrett ("Mr. Garrett"). None of the Defendants are employees or agents of the Federal Government. Six (6) of the individuals, Defendants Cruz Allen, Thomas Develin, James Meade, Christoper Leach, Jordan Haas, and Trance Van Liere (the "ONG Defendants"), were off-duty members of the Ohio National Guard ("ONG) and not engaged in any activity on behalf of, for the benefit of, or at the orders of any agency of the Federal Government or any employee/agent thereof. When Mr. Garrett was shot and killed, the ONG Defendants and civilian Brenna Nye (a girlfriend of Defendant Van Liere) were off base at a private residence (owned by the last individual defendant – Betty Green), consuming alcohol while mishandling firearms. Consequently, Plaintiff's claims in the Cuyahoga Lawsuit are wholly unrelated to their service with the ONG.

Following the shooting death of Mr. Garrett, the ONG arrived on scene, removed the Guardsman Defendants, and subsequently proceeded to work in concert with the Morgan County Sheriff's Office to conceal evidence and intentionally frustrate the investigation into Mr. Garrett's death. These actions are the subject of a completely separate legal action with this Court before the Honorable Pamela Barker, Case No. 1:23-cv-02011-PAB, in which Plaintiff asserts a host of claims against the ONG (as an agency of the State of Ohio) and various Morgan County governmental agencies for claims under 42 U.S.C. § 1983 (the "Federal Lawsuit").

Plaintiff is aware of a report completed by Captain Matt Jacobs of the ONG containing the results of his investigation into the shooting death of Mr. Garrett (the "Jacobs Report"). The Jacobs Report has been the subject of numerous pre-suit Freedom of Information Act requests submitted by Plaintiff to ONG Warrant Officer Janet L. Bain beginning May 10, 2022 (see attached Exhibit 1). Other than acknowledgment responses, these requests have gone unanswered by the ONG. On November 22, 2023, Plaintiff served a Subpoena Duces Tecum in the Cuyahoga Lawsuit upon Major General John C. Harris Jr., as Adjutant General for the ONG, seeking the Jacobs Report and any other statements or communications relating to Mr. Garrett's death.

On December 7, 2023, an Assistant U.S. Attorney ("AUSA") sent a letter to Plaintiff's counsel claiming, without any authority whatsoever, that "Department of Defense and Army regulations govern the disclosure of official Ohio National Guard information." (Attached as exhibit 2.) AUSA Asher further alleged that since federal standards applied, Plaintiff did not comply with the appropriate "Tuohy Regulations" and that Plaintiff needed to submit a detailed written request explaining the relevance of the records sought. (Id.) In response, on December 20, 2023, counsel for Plaintiff replied that the Asher letter was deficient in that it provided no legitimate grounds for application of federal standards and, even if it did, the terms of the subpoena, plus counsel's proffer in the letter, satisfy the terms of Touhy. (Attached as exhibit 3). On January 2, 2024, the AUSA sent an e-mail that the matter would be addressed by the end of the week (Exhibit 4). When that did not take place, Plaintiff's counsel sent an inquiry e-mail on January 8, 2024 (Exhibit 5).[1] Counsel for the ONG never replied.

On February 8, 2024, Plaintiff filed a Motion to Compel (together with Plaintiff's subpoena issued to the ONG, the "Subpoena Proceedings") in the Cuyahoga Lawsuit, which was granted, in

---

[1] For the first time in the many uses of this correspondence counsel just realized that the curt greeting at the beginning of the message is clearly a typographical error. It should state, "Hell_o_ Ruchi."

part, on March 11, 2024. Instead of complying with the Motion to Compel, on March 13, 2024, the ONG - an agency of the State of Ohio - filed a Notice of Removal claiming authority under 28 U.S.C. § 1442(a)(1), and the entirety of the Cuyahoga Lawsuit was automatically removed to this Court with half a dozen dispositive motions pending. Plaintiffs contend that this removal was invalid in that no federal agent or agency is implicated.

## II.   LAW AND ARGUMENT

### A.  Legal Standard.

The removing party bears the burden of establishing federal jurisdiction. *Nowicki-Hockey v. Bank of Am.*, N.A., 593 Fed. Appx. 420, 421 (6th Cir. 2014). 28 U.S.C. § 1442(a)(1) allows for a civil action to be removed from state court to federal court only if it is "against or directed to":

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In addition to the plain language of 28 U.S.C. § 1442(a)(1), the United States Supreme Court has read-in an additional requirement that "federal officer removal must be predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989). The Sixth Circuit has set forth a three-pronged test that must be met in order to remove a proceeding pursuant to 28 U.S.C. § 1442(a)(1): (1) the defendant is a federal officer within the meaning of the statute, (2) there is a causal connection between what the officer has done under asserted federal authority and the state lawsuit, and (3) the officer presents a colorable defense arising from his duty to enforce federal law. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 345 (6th Cir. 2008).

When removal is sought pursuant to 28 U.S.C. § 1442 based on the issuance of a subpoena for testimony or documents, "and there is no other basis for removal, only that proceeding may be removed to the district court." 28 U.S.C. § 1442(d)(1).

## B. The Ohio National Guard is a state agency and removal pursuant to 28 U.S.C. § 1442 is improper.

In its Notice of Removal, the ONG makes the bold and completely unsupported claim that its records "are federal records, governed by Department of Defense and United States Army regulations related to disclosure of official information." ECF 1, Notice of Removal, ¶ 2. This hollow statement alone is wholly insufficient to establish just how the ONG satisfies the requirement that as "[t]he United States or any agency thereof" it is afforded the ability to remove the Subpoena Proceedings to federal court under 28 U.S.C. § 1442.

The ONG is an Ohio state entity, with the Governor of Ohio appointing all commissioned and warrant officers while serving as its commander in chief. R.C. 5919.02. Nothing in the state or federal code establishes their status as employees of either governmental entity for all purposes." *Allen v. Dejacimo*, 8th Dist. Cuyahoga No. 51453, 1987 Ohio App. LEXIS 5528, *4. The Ohio Supreme Court has recognized that "the National Guard is only a *potential* part of the United States Armed Forces and does not in fact become a part thereof until the requisite declaration of the existence of an emergency." *Sorrentino v. Ohio Nat'l Guard*, 53 Ohio St. 3d 214, 219, 560 N.E.2d 186 (1990) (Emphasis added). The Ohio Supreme Court has further held that ONG employees are employees of the State of Ohio in numerous contexts. See *State ex rel. N. Olmstead Fire Fighters Ass'n Local 1267 v. North Olmstead*, 64 Ohio St. 3d 530, 597 N.E.2d 136 (1992) ("Furthermore, the court of appeals' conclusion that members of the National Guard are state employees is inescapable. R.C. 124.11(A)(6) plainly provides that all officers and enlistees in the state military are unclassified Ohio civil servants."); *Farrier v. Connor*, 12 Ohio St. 3d 219, 466 N.E.2d 557,

558 (1984) ("Every member of the Ohio organized militia . . . ***shall***, when called to state active duty, be in the employment of the state for the purposes of sections 4123.01 to 4123.94.") (Emphasis added).

Additionally, ample federal case law exists to prove that the ONG and its employees fall under the purview of the State of Ohio. See *Erdel v. Dep't of the Army*, 2023 M.S.P.B. 27, ¶ 13 ("[S]tate adjutants general are not Federal employees because . . . they are appointed locally and perform such duties as are prescribed by the laws of the pertinent local jurisdiction."); *Gnagy v. United States*, 225 Ct. Cl. 242, 250 (1980) ("[A] member of a National Guard unit not in active federal service is not, insofar as his military capacity with the Guard is concerned, a federal employee . . . ); *Christoffersen v. United States*, 230 Ct. Cl. 998, 1003 (1982); citing *Gnagy* at 577 ("There is no statute conferring federal employee status as an incident of membership in a National Guard unit not in active federal service.")

The documents sought by Plaintiff in her subpoena to the ONG, namely the Jacobs Report, pertain to the investigation into the death of Mr. Garrett. Mr. Garrett's death occurred while he and the Guardsman Defendants were off base on leave, drinking alcohol and mishandling firearms. Captain Jacobs' investigation was in relation to this misconduct, and nothing about his investigation or the underlying conduct was federal in nature, nor has counsel provided **any** legitimate legal grounds or evidence to establish same. Captain Jacobs performed his investigation as an employee of the State of Ohio. Other than its blanket unsupported allegation that any records sought by Plaintiff were "federal records," the ONG can point to no facts or valid legal authority that support removal of the Subpoena Proceedings to federal court under 28 U.S.C. § 1442(a)(1).

Accordingly, the entire Cuyahoga Lawsuit, including the Subpoena Proceedings, should be remanded to the Cuyahoga County Common Pleas Court so that the ONG can comply with the properly issued Motion to Compel.

**C.** **Removal of an entire case base on a subpoena is impermissible under 28 U.S.C. § 1442(d)(1)**

Even if the Subpoena Proceedings could be removed under of 28 U.S.C. § 1442, the remainder of the Cuyahoga Lawsuit must be remanded to the Cuyahoga County Common Pleas Court. 28 U.S.C. § 1442(d)(1). The Cuyahoga Lawsuit contains no independent basis for federal jurisdiction as it does not name a federal agency as a defendant, it presents no federal question, and there is no diversity of citizenship. Thus, only the Subpoena Proceedings are appropriate for removal to federal court. See *Sefass v. Oliveras-Smith*, 2019 U.S. Dist. LEXIS 121956, *6 (E.D. Pa. 2019) ("There is, however, no independent basis on the record before me for removal of Plaintiff's claim in its entirety. . . The second sentence of § 1442 makes clear that a federal court may not retain jurisdiction over the entire case"); *Hammer v. United States Dep't of Health & Hum. Servs.*, 905 F. 3d 517, 524 (7th Cir. 2018) (28 U.S.C. § 1442 "permits an agency to remove, *separate from the entire case*, 'any proceeding . . . to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued.'") (Emphasis added).

While the ONG is not a federal agency appropriate for removal pursuant to 28 U.S.C. § 1442, as the Notice of Removal was based solely on the Subpoena Proceedings and no independent basis for federal jurisdiction exists in the Cuyahoga Lawsuit, the remainder of the case must be remanded.

## III.   CONCLUSION

Based on the foregoing, the ONG is not a federal agency capable of removing any part of the Cuyahoga Lawsuit to federal court pursuant to 28 U.S.C. § 1442, and, even if it were, everything relating to the Cuyahoga Lawsuit except for the Subpoena Proceedings should be remanded to state court as required by 28 U.S.C. § 1442(d)(1). Wherefore, Plaintiff respectfully requests that this Court remand the entirety of the Cuyahoga Lawsuit to the Cuyahoga County Common Pleas Court so that it may proceed accordingly.

Respectfully submitted,

*/s/ John R. Liber, II*
**JOHN R. LIBER, II** (0058424)
**LEO M. SPELLACY** (0067304)
**CHRISTOPHER R. ELKO** (0101860)
Thrasher Dinsmore & Dolan, LPA
1282 West 58th Street
Cleveland, Ohio 44102
216.255.5431 | Fax 216.255.5450
jliber@tddlaw.com
lspellacy@tddlaw.com
celko@tddlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed and served on all parties of record pursuant to the Court's electronic filing system on this 25th day of March, 2024.  Notice of this filing will be served on all parties by operation of the Court's electronic filing system, and parties may access this filing through the Court's system. Additionally, the following parties that have not yet entered an appearance were served via regular United States mail:

Thomas Develin
Inmate No. 08421-510
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432

*Defendant*

Christopher Leach
106 Quail Creek Drive
Gallipolis, Ohio  45631

*Defendant*

*/s/ John R. Liber, II*
**John R. Liber, II** (0058424)