IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LISA GARRETT, | CASE NO. 1:24-cv-00471-DAR |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| vs. | **DEFENDANT THOMAS DEVELIN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS** |
| CRUZ D. ALLEN, et al., | |
| Defendants. | |

**NOW COMES** Defendant Thomas DeVelin (hereinafter referred to as "Defendant DeVelin"), by and through undersigned counsel, and hereby submits his Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Judgment on the Pleadings pursuant to Fed. Civ. R. 12(c). The rationale for this request is that Plaintiff's claims against Defendant DeVelin are barred by the applicable statute of limitations and because this Court lacks subject matter jurisdiction over claims raised by Plaintiff. A brief in support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

*/s/Erik L. Walter*
ERIK L. WALTER (#0078988)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email:  *ewalter@dworkenlaw.com*
Attorney for Defendant Thomas DeVelin

**BRIEF IN SUPPORT**

**I.     INTRODUCTION**

On October 13, 2023, Plaintiff, Lisa Garrett, individually and in her capacity as the administrator of the Estate of Nathan Alexander Garrett (hereinafter referred to as "Garrett"), filed the underlying Complaint in the Cuyahoga County Court of Common Pleas seeking damages resulting from Garrett's accidental, fatal and self-inflicted gunshot wound which happened on or about October 20, 2021.[1] On March 13, 2024, the matter was removed from the Cuyahoga County Court of Common Pleas to this Honorable Court. However, said Complaint fails to state a claim as it relates to Defendant Thomas DeVelin (hereinafter referred to as "Defendant DeVelin") and, as will be more fully explained hereinbelow, warrants dismissal.

**II.     STATEMENT OF RELEVANT FACTS**

Pursuant to the Complaint filed in the underlying matter in the Cuyahoga County Court of Common Pleas, on or about October 13, 2023, on or about October 20, 2021, Garrett was with the other named Ohio National Guard (hereinafter referred to as the "ONG") Defendants in McConnelsville, Morgan County, Ohio, for basic training.[2] At approximately 5:30 p.m. on October 20,. 2021, Garrett and other ONG Defendants traveled to a private residence (hereinafter referred to as "the Cabin") owned by Defendant Betty Greene.[3] While at the Cabin on October 20, 2021, Garrett and the ONG Defendants were shooting handguns from its porch.[4] At some

---

[1] The complaint filed in Cuyahoga County Court of Common Pleas Case No. CV-23-986997 is attached hereto and incorporated herein as **Exhibit A** and Defendant respectfully requests that this Honorable Court take judicial notice of the same.
[2] *See* Exhibit A at Paragraphs 15 and 16.
[3] *Id.,* at Paragraph 17.
[4] *Id.,* at Paragraph 18.

2

point during the evening of October 20, 2021, Garrett suffered a lethal, self-inflicted gunshot wound to the head.[5] It is from this tragic event that this lawsuit arose.

### III. LAW AND ARGUMENT

#### A. Standard of Review

Fed. R. Civ. P. 12, in pertinent part, allows the dismissal of a claim for lack of subject matter jurisdiction through the following:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> *(1)* lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) ***failure to state a claim upon which relief can be granted***; and
> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion. (Emphasis provided).

With this noted, a motion seeking dismissal on these grounds can be raised at any point in the proceeding. Fed. R. Civ. P. 12(h). This Court in *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877 discussed the standard of review relative to a motion to dismiss on lack of subject matter where it held:

> Where subject matter jurisdiction is challenged in a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). Rule 12(b)(1) motions

---

[5]*Id.,* at Paragraphs 25 and 37.

3

to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

A facial attack challenges the sufficiency of the pleading itself. Where the Rule 12(b)(1) motion presents a facial attack, the Court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a Rule 12(b)(6) motion. *Id.* (citing *Scheuer v. Rhodes,* 416 U.S. 232, 235–37, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *Id.* Where the motion presents a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the Court weighs the evidence to determine whether subject matter jurisdiction exists. On a factual attack, the Court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary. *See DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004); *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). *Smith, supra* at pp. 888–90.

In this regard, this Court in *Merry X-Ray Corp. v. JDIS Grp.*, No. 1:20CV285, 2021 WL 766754, at *2 (N.D. Ohio Feb. 26, 2021), noted:

> In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Twombly does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), discussed Twombly and provided additional analysis of the motion to dismiss standard:
>
>> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their

4

veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679, 129 S.Ct. 1937.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

A written instrument attached to a pleading is a part of the pleading for all purposes. Fed.R.Civ.P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. *Merry X-Ray Corp.*, *supra* at *2

With this standard noted, all of the claims raised against Defendant DeVelin should be dismissed.

### B. Defendant DeVelin Should Be Granted the Outright Dismissal of Plaintiff's Premises Liability Claim.

In reviewing Plaintiff's Complaint, it is clear that nowhere in Paragraphs 39-45 does Plaintiff mention Defendant DeVelin's name. Instead, Plaintiff unequivocally alleges: (a) the Cabin where the event happened was owned by Defendant Greene and occupied by Defendant Meade[6]; and (b) that Defendants Greene and Meade—as the owners or occupiers of the Cabin—owed Plaintiff a duty and breached that duty.[7] In short, there are absolutely no allegations against

---

[6] *Id.,* at Paragraph 39.
[7] *Id.,* at Paragraphs 40 and 42-45.

5

Defendant DeVelin, nor could there be as he was not the owner of the Cabin, owed no duty to Plaintiff regarding any conditions existing on/at the Cabin and cannot therefore be liable, as a matter of law, for any allegedly dangerous conditions existing on/at the Cabin.  Therefore, the First Claim for Relief should be dismissed as to Defendant DeVelin.

### C. Defendant DeVelin Should Be Granted the Outright Dismissal of Plaintiff's Remaining Claims

In addressing Plaintiff's remaining claims, the same are time-barred by the applicable one-year statute of limitations. Specifically, each of these claims have been brought under ORC 2307.60—a punitive statute that permits civil claims to be brought by those injured by criminal actions. As addressed by numerous Defendants already, claims brought under this statute adhere to one-year statute of limitations. *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 2017-Ohio-7727 (8th Dist.); *Steinbrick v. Cleveland Elec. Illuminating Co.*, 1994 Ohio App. LEXIS 3756 (8th Dist. Cuyahoga, Appeal No. 66035); 1994 WL 463817; *Brothers v. Nixon*, 2020-Ohio-4035, (7th Dist.), *Ettayem v. HER., LLC*, 2020-Ohio-4647(5th Dis. 2020), appendix. ORC §2307.60; ORC §2305.11(A); *Brack v. Budish*, No. 1:19-cv-1436, 539 F. Supp. 3d. 794, 2021 WL 1960330, at *5 (N.D. Ohio May 17, 2021); *McPherson v. Cuyahoga Cnty.*, No. 1:20-cv-00639, 2021 WL 2841582, at *6 (N.D. Ohio July 8, 2021); and *Roarty-Nugent v. Cuyahoga Cnty.*, No. 1:20CV1025, 2020 WL 5530354, at *6 (N.D. Ohio Sept. 15, 2020). Therefore, none of these claims can be maintained.

Again, the fatal gunshot wound suffered by Garrett occurred on ***October 20, 2021***,[8] with each of these claims being brought under ORC §2307.60.  In this regard, Plaintiff asserts these

---

[8] *Id,* at Paragraph 25.

6

claims are brought pursuant to §2307.60 as well as ORC §2921.32 (civil conspiracy)—a claim that is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy. Therefore, Plaintiff's remaining claims are all brought pursuant to §2307.60. In this regard, the Ohio Supreme Court in *Flowers v. Walker*, 63 Ohio St.3d 546; 589 N.E.2d 1284, 1288 (1992) has held:

> A 'cognizable event' is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received. *Id*. at syllabus.
>
> Moreover, constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule. *McGee v. Weinberg* (1979), 97 Cal.App.3d 798, 803–804, 159 Cal. Rptr. 86, 89–90; *Graham v. Hansen* (1982), 128 Cal.App.3d 965, 973–974, 180 Cal. Rptr. 604, 609–610. A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. *Allenius, supra*, 42 Ohio St.3d at 133–134, 538 N.E.2d at 96. Rather, the 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies. *Id. See, also, Graham, supra*, 128 Cal.App.3d at 972–973, 180 Cal. Rptr. at 609; *McGee, supra*, 97 Cal.App.3d at 803, 159 Cal. Rptr. at 89–90. *Flowers, supra* at 549.

Here, although Plaintiff may seek to argue the "discovery rule" should apply to toll the applicable one-year statute of limitations for the ORC §2307.60 claims, any "cognizable events" that would have put Plaintiff on notice to investigate the facts and circumstances surrounding Garrett's death were readily apparent immediately following his death. *Flowers, supra.* Therefore, there are no factors that justify tolling the one-year statute of limitations and these claims must be dismissed as raised against Defendant DeVelin.

### IV. CONCLUSION

For the reasons set forth above and those stated by the other named Defendants, Defendant DeVelin respectfully requests that this Court dismiss all claims raised against him. Specifically,

Plaintiff's premises liability claim fails because Defendant DeVelin had no ownership in the Cabin nor has Plaintiff alleged that he did.  Further, all of the remining claims are time barred.  Therefore, this action should be dismissed against Defendant DeVelin.

**WHEREFORE,** Defendant DeVelin respectfully requests that his motion be granted and that all claims brought against him be dismissed with prejudice, that he be awarded his attorney fees and costs incurred in defending against this action and that he be awarded such additional and further relief as this Court deems proper and just.

                Respectfully submitted,

*/s/Erik L. Walter*
ERIK L. WALTER (#0078988)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391     (440) 352-3469 Fax
Email:  *ewalter@dworkenlaw.com*
Attorney for Defendant Thomas DeVelin

## **PROOF OF SERVICE**

A copy of the foregoing Defendant Thomas Develin's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Judgment on the Pleadings was served on all counsel of record via the Court's e-filing system on this 7th day of June, 2024, and via US Mail on:

Christopher Leach
106 Quail Creek Dr.
Gallipolis, OH 45631
*Defendant, pro se*

                                             */s/Erik L. Walter*
                                             ERIK L. WALTER (#0078988)
                                             DWORKEN & BERNSTEIN CO., LPA
                                             Attorney for Defendant Thomas DeVelin